So we will go ahead and begin with the first case in the calendar 19-3124 AG Pinel-Gomez v. Garland. You understand we'll begin with Mr. Solis. Oh and one other logistical thing as I'm sure you know by now in terms of COVID rules if the attorney who is currently arguing at the podium would like you know the option of taking off your mask but it is optional we we really don't take a position one way or other you may leave it on or take it off but if you do take it off please return your mask to your face when you sit down. Thank you. So yeah Mr. Solis I understand you've reserved three minutes for rebuttal is that right? That's correct your honor. Thank you you may proceed. Good morning and may it please the court. Harold Solis for the petitioners. Your honor this case is about the Board of Immigration Appeals and the scope of its appellate authority. Now specifically the question here is what is the appropriate standard of review that the Board of Immigration Appeals must apply when it is reviewing immigration court decisions that deny an applicant's application for solely on the question of whether the applicant provided sufficient corroboration. Now according to the regulation that governs the board's appellate authority ACFR section 1003.1 subparagraph d3 the the board has two options. One with questions of law like an article 3 court it is authorized to review questions of discretion judgment and all other questions de novo as well. All other questions? All other matters your honor. Including findings of fact? That that's what I was about to get to. Okay there's an except coming. Correct. Okay and the only limitation is exactly that your honor. Questions of fact must be reviewed for clear error. Now in situations such as these where the issue is corroboration the immigration laws provide that authorize an immigration court to demand corroboration but it also provides an exception. The reasonableness exception which essentially says that while an immigration judge may require corroboration it is unless right the exception is unless the applicant does not have that evidence and cannot reasonably obtain it. This is a case where petitioners explained to the did not have the evidence that the immigration court demanded and also explained at various points that they had various difficulties that they would have encountered various difficulties in trying to obtain it. When the board reviewed this issue it applied clear error review to two portions of this decision. Now we believe there are two ways to review that the board should have taken up this issue. There's the threshold determination of whether or not corroboration was even required in the first place and the subsequent question of whether it would have been even reasonable for these individuals to try and obtain that evidence. The court can actually resolve this appeal on the first question because my colleague has conceded that that first determination that threshold question is a discretionary power that the immigration court has which by implication means that the board should have been reviewing that question de novo as well. Now we know that the board did not apply de novo review because on page four of the record the board clearly says that it was applying clear error review as it was analyzing whether or not the immigration court properly demanded corroboration. Now that if that's that's the first question. I'm sorry just when you say page four of the administrative record your honor. I'm probably looking at the wrong page. What page of the BIA decision are you talking about? I may have I'm looking at I think the special appendix attached to the petitioner's brief. Your honor in the administrative record itself sorry it's on page four and it's towards the bottom and if I may quote with the court's permission. Yeah. The board says the without clear error that the respondent did not provide an adequate explanation as to the availability of the evidence and therefore did not corroborate an essential element of his claim. So that's the reasonable availability exception right? And that gets me to my second point your honor exactly. Well I appreciate that but the first point I thought you said is that they applied clear error review to the to the preliminary question of whether to find that. Correct your honor. If in that quote specifically the entire quote talks about how the board is looking at is assuming that the the immigration judge correctly identified the material elements of the respondent of the petitioner's claim which means that the board itself was sort of already readily assuming that the immigration judge was correct in concluding that the record was not sufficient enough and therefore required corroboration. That threshold determination is what the board was looking at there. Am I correct that there were two towns of the same name? Your honor actually this this gets to to one of the points here and that is that there is only one town in the record that is identified by evidence or that is supported by evidence Santa Elena. But there are two towns. Your honor there is no actual evidence in the record that there is a second town. The only reason there's a second town that's even mentioned in this case is because the DHS attorney on cross-examination without proffering any evidence suggested during cross that there was a second town in a totally different department called La Paz. Petitioner consistently testified that he did not live in La Paz that he was Santa Elena he was referring to was in Choluteca. Yes but that that was a subject that the IJ considered needed corroboration and there and what I don't understand is a letter arrived in the nature of corroboration but the the friend did not did not mention where your client lived or whether he owned a home and when he was threatened by gang members so why couldn't the IJ and and the and the BIA approving it say that he could have provided corroboration his friend sent a letter but it was insufficient. Your honor if the board had applied and let me answer this question if the board had applied to NOVA review to this issue actually it would have looked into the record and identified that the minor sons the minor petitioner in this case his birth certificate is in the record and it was issued by the authorities in Choluteca. There's absolutely no document in this case that places petitioners anywhere else but in Choluteca which is consistent with their testimony. That that is that is the point of the NOVA review in our opinion that the board should not have readily assumed that the immigration judge was correct in assuming that there was a second town to begin with given the existing testimony and the existing record as it stood at the time. Okay counsel why don't we do this you've reserved three minutes unless we have any further questions now why don't we hear from opposing counsel and then we'll hear from you. Thank you. Thank you and we have Mr. Stanton is that right? It's okay? All right okay may it please the court as the government said it's brief it is not practical for the Attorney General of the Department of Homeland Security to send agents to faraway places to investigate claims of production of documentary witnesses from foreign nationals so I recognize these realities the Immigration Nationality Act places the burden squarely on the applicant the petitioner in this case seeking relief to affirmably prove that he qualifies for immigration relief and protection including if when the immigration judge chief necessary corroborating evidence in addition to his testimony while it is certainly possible for an immigration judge to grant relief solely on the basis of testimony it's pretty rare the immigration judges are empowered to request to expect corroboration for key elements of an applicant's case and the immigration judge did so in this case with respect to the letter from the alleged letter from the Justice of the Peace I mean the immigration judge noted that that would have potentially corroborated claim but the immigration over here that the dates were incorrect and that matched up with petitioner storyline so that the immigration judge found that that letter did not corroborate the claims I don't think petitioner disputes that with respect to where petitioner lived it is in his hometown St. Helena there are indeed several St. Helena's in Honduras I mean including a city in La Paz I mean the fact that I mean the VHS attorney did did say that petitioners counseled an object for lack of foundation if she did I think she would have been laughed at because there are indeed so such my clock has started running yet so oh okay all right all right thanks for what was I but thank you for catching that I'm sorry but that threw me off and so I've got you for 10 minutes so but going back to my point petitioner's counsel told the immigration judge that his residency in St. Helena the colony was absolutely key to his claim of asylum and withholding removal based on a persecution on the basis of political opinion on page 160 of the administrative record petitioner's counsel not Mr. Salas but former counsel said that the foundation of his political opinion claim was the fact that he lived in this little town called St. Helena that there was a peaceful town before this gang member William got out of jail arrived and started terrorizing the town and petitioner was politically opposed to that she repeated that point on page 190 of the administrative record when the immigration judge factors summarize the case and she repeated again in closing argument that's on page 226 227 227 28 the closing argument before the absolutely key to his political persecution claim so counsel if I may ask a question relating to one of the points of your adversary raised the question of the standard of review that the BIA needs to apply to various articulate what you believe the proper standards of review are for the BIA as to those components okay with respect to the BIA's administrative appellate review we would agree that as far as the threshold requirements that review would be Dana and when you say threshold do you mean whether or not that the IJ expects or or does not find the petitioner persuasive absent corroborating evidence well I would say the immigration judge has discretion to to to to to expect corroborating evidence so and again mr. sauce is corrected that the administrative view like matters of discretion or indeed the LAC case issue that the three the three steps the immigration judge must must take they're a little different from what this court held in the 2001 Diablo case which I'm yes how can the BIA determine de novo whether corroboration is required when that decision necessarily entails understanding the entire record and knowing whether whether that that record is sufficient without corroboration well I mean this particular case I mean we do think that the BIA applied de novo review to the threshold determination so I mean the only place the BIA said it applied clear air was whether the evidence was reasonably available yes and so I mean so unless there's evidence that the BIA applied clear air to the threshold of inquiry with due respect to mr. sauce that there's no such evidence exist in this case we have to presume that the BIA applied the de novo standard to the threshold inquiry and again under any standards review let me grab you're saying you're saying the BIA did apply that standard but I don't hear you say that that is the standard that must be applied in all cases well I mean but with respect to like with respect to determinations what whether whether evidence is available I mean that gets clear over you I mean that the INA stuff it up pretty clearly and at least in several different provisions so I mean mr. solace says there was that the government and the board cited the wrong standard we decided the wrong statutory provision they say we rely on a USC 12 of 1252 before and under even under the other standard that mr. solace recommends 8 8 of 8 USC 1158 I mean you still get the same result it's still a finding of fact we cite several cases from this court and elsewhere citing both both statutory provisions of the INS saying that whether evidence corroborating evidence is available is an administrative factual finding there's Shaolin the Shaolin Wang case we sat on page 20 of our brief allows us several other decisions from this court admittedly unpublished but on page 21 we quote Shaolin I'm not correctly Wang in a parenthetical that whether the variability corroborative evidence and can be reasonably expected as a factual finding the court said that the court cited 8 8 USC 1150 1158 B so I mean under either stand is that can I just ask you does that make any sense for us to be citing the statute which I thought the statute was governing judicial review of agency findings does that really shed any light on the standard that the BIA has to apply to the IJ within the agency the only us a statute that governs judicial review is 12 of 52 before and that's and that governs us okay that comes with me even assuming that weren't that mr. solace is correct the result still the same going the other step no but but I'm asking you in your view do the statutes that govern the standards of review for judicial review by article 3 courts yes have any bearing on the internal standards of review within the agency I mean common sense would suggest it was at least relevant I mean unless there's a reason how is it so but how is that relevant I mean there are indeed some exceptions but like most of the standards review for an appellate governing body are the same so I mean but that sounds like a matter of administrative choice that if the agency wishes to have an agency you know de novo review all the way up I suppose that's an inconvenient standard perhaps an inefficient standard but when an agency would be entitled by regulation to devise I would agree with that yes well then can I just go back to my earlier question I think I understand your point that in your view de novo review is what the BIA must apply to the threshold question of whether an IJ is going to ask for corroborating evidence but it is your view that the BIA reviews for clear error the two prongs of the exception which is whether the petitioner has the evidence or whether the evidence that's missing would be reasonably available yes petitioner is that right yes that's correct those are factual findings and it's your view that if we read the BIA's decision it applied those standards it applied de novo to the overarching question of whether it wanted corroborating evidence and the language that your adversary quoted on page two of the BIA's decision yes applied clear error only to the exception about whether the respondent provided an adequate explanation as to availability of the evidence yes yes that is correct and again it's the petitioner's burden to show that the board misapplied its own standards so sort of like an express statement we're applying clear error to the threshold determination which does not happen here he cannot show that the not overcome the presumption of regularity afforded to to make few decisions in the 10th circuit set it out some evidence the contrary we're gonna assume the board did his job properly so I mean and again the only fact that there were petitioner attempts to show air is deferred like he cites a page for the administrative record the same page we were talking about the last full paragraph page 12 this reply brief he claims that the board was deferring to the immigration judge the board was only responding to petitioners argument in administrative appeal that the that the immigration is ignored certain evidence the board said no she didn't so I mean and I said a whole paragraph setting forth not only that you also don't point any evidence that she allegedly ignored so I mean that cannot be read as supporting a clear error analysis to to the threshold thing so I mean who's only responding to charges that the immigration judging ignored on evidence in the record so we think we're in proper context the board only applied clear error to the factual findings and they know vote to pretty much everything else just as it would in the second paragraph of the board's opinion so otherwise there would have been no point for the board to include that that they know the review of applied at all the board could have said what could have said we applied clear error just left it at that but instead we apply clear to factual findings and they know about everything else and with due respect to petitioner that's exactly what the board did here as well so if there's any other question okay thank you very much thank you very much counsel mr. Solis we'll hear from you and because we didn't quite start the clock on your adversary we will give you a little a little leeway after the three-minute mark appreciate the overtime your honor I would like to start just by very quickly picking up what this conversation just was which is on the question of what is the appropriate standard of review for the two prongs of the reasonableness exception now my colleague paints this this entire analysis as a factual issue but that that doesn't seem right because the board ever since at least 1996 the matter of SMJ actually developed a standard to regulate how immigration judges are supposed to analyze whether evidence is reasonably available to an individual that's a matter of SMJ Congress codified this reasonableness exception through the real ID Act which is now present in section 1158 and the reaffirmed its its case in matter of SMJ in matter of LAC now unless the reasonableness exception is a standardless exception then I'm not entirely sure how one can say that it's factual when by by by by not by the analysis of the board has demanded there is a measure by which an immigration judge's authority on this point well let me ask you by way of analogy in the context when we review sentencing guidelines findings by a district judge we generally sort them into review things we review de novo or things we review for clear error we just had a case recently with a question of whether certain conduct by co-conspirators was reasonably foreseeable to the defendant is a question of fact that we review for clear error so it seems to me that if your point is that reasonableness what's reasonably available what reasonableness is not a question of fact it's a question of I don't know discretion or something it is really essentially a legal question how do you square that with other areas of the law where we say no no but there's something is reasonably foreseeable to someone is a question of fact your honor I wish I was a criminal expert I'm not but what I can say is that in the immigration context at the very least right it is clear that the board has developed a test to measure what is reasonable and in I'm afraid to venture outside of that context fair enough but what I can say is that this is not new in our in our brief one of the the unpublished cases from the board that we provided the board itself applied to know we'll review to this issue and I think just to offer an example right one can think of it this way sure an immigration judge must make a finding a fact as to whether such evidence exists in the world but whether the individual can actually obtain it that's a separate issue imagine a situation where it like in some of the cases that my colleague cites there's a spouse who is potentially capable of providing information about the relevant events in a case but that spouse has also engaged in domestic violence of the petitioner what is that really a factual issue about whether or not this person can go out and ask their spouse to come into court and testify on their behalf there are issues of fairness there there are issues of discretion to some degree about whether it makes sense to ask this individual to go out and get that individual to come in and testify for them that's what the board has essentially said in that matter of SMJ has repeatedly said up to this day when it said that reasonableness means is the to the individual and forbidding immigration judges from unduly relying on the absence of a piece of evidence in the totality of the circumstances your honor if there are no further questions I would like to rest there thank you very much thank you very much to both counsel we will take the case under advisement let's turn to the next case